This page is not part of the case. It is a spacer and only intended to assist the court in scanning and organizing.

# Plaintiff Exhibit: p3

## State Court's Memorandum

IN THE COUNTY COURT OF LEE COUNTY MISSISSIPPI

TRACY NICOLE ARNOLD                                            APPELLANT

V                             CR 2017-000116, 117, 118

CITY OF GUNTOWN, MISSISSIPPI                        APPELLEE

## MEMORANDUM OPINION

      Before the Court is a "Petition to Dismiss for Lack of Prosecution and Failure to Provide Due Process" filed by Defendant, Tracy Arnold. Having received no requests for hearing on the "Petition", the Court finds that the record is clear and there is no need for a hearing on this matter. Having considered the "Petition", the Court finds that the motion is well taken and grants a dismissal of all charges on appeal for the following reasons:

      I.      Procedural and Factual History

      The matters before the Court, which consist of three separate appeals from Guntown Municipal Court, relate to convictions in the lower court for driving without a license, expired tag and failure to produce proof of valid insurance. The appeals of these matters were perfected in October of 2017. Shortly after said appeals, a Notice of Hearing was set for January 10, 2018. See MEC Doc. 4. Said hearing was then continued to April 11, 2018 by agreement of the parties. See MEC Doc. 5. Curiously, the matter was also set for trial by this court for February 14, 2018. See MEC Docs. 6 & 7. A new Order of Setting for the April 11, 2018 trial date was entered by the Court on March 22, 2018. See MEC Doc. 12.

      On March 26, 2018, the Defendant, Tracy Arnold, filed a "Motion to Dismiss" along with a Memorandum and a supporting "Affidavit in Support of Motion to Dismiss" and various exhibits. See MEC Docs. 14 & 15. In April of 2018, the matter was called to hearing, but a

continuance was granted and the City of Guntown was ordered to provide Amended Affidavits with specific code sections listed for each alleged violation. There is no record in the Court file of said Amended Affidavits being produced or filed with the Court. Likewise, nothing was filed in this matter until April of 2019 when the matter was reset again for June of 2019. At this point, the matter was then continued again in June of 2019, but no date certain was provided. See MEC Doc. 17. On December 1, 2020, the matter was again set for hearing on January 13, 2021. See MEC Doc. 18. Again, the matter was apparently not heard and there is no record of any continuance or any reason as to the delay.

There are no records of any further actions taken by the Court or the parties in this matter until Arnold filed her "Petition to Dismiss for Lack of Prosecution and Failure to Provide Due Process" on April 18, 2023. See MEC Doc. 19. Rather than filing a response to said Motion, the City of Guntown filed a Notice to Set the Matter for Trial. See MEC Doc. 20. No other actions have been filed in this matter.

II.   Mississippi Code § 99-1-5

In Arnold's "Petition" to dismiss, she raises several arguments, including an argument that the prosecution is barred under Mississippi Code Annotated § 99-1-5 (2013). Arnold's reliance on § 99-1-5 is misplaced. Section 99-1-5 provides that " A person shall not be prosecuted for any other offense not listed in this section unless the prosecution for the offense is commenced within two (2) years next after the commission thereof." This is not an original action. In this case, Arnold's initial prosecution was filed and prosecuted in a timely manner whereby Arnold was convicted in Guntown Municipal Court on said charges. Arnold then appealed this matter. While § 99-1-5 may not be applicable in this context, that does not mean that Arnold's rights have not been violated.

III. <u>Due Process</u>

A criminal defendant's constitutional right to a speedy trial is guaranteed by the Sixth Amendment of the United States Constitution. This constitutional right attach, and time begins to run, upon the defendant's arrest. <u>Black v. State</u>, 724 So.2d 996, 1001(¶ 14) (Miss.Ct.App.1998) (citing <u>Handley v. State</u>, 574 So.2d 671, 674 (Miss.1990)). Here, the Defendant was tried in a timely manner. The question before the Court now is whether the appeal of said trail has been advanced in a timely manner and whether the defendant has suffered any prejudice as a result of the delays in the appeal. Due process considerations for appealed matters differ slightly from original matters. In this context, the Court has found two cases from Mississippi appellate courts addressing lengthy delays on appeal: <u>Jackson v. State</u>, 910 So. 2d 658, 664–68 (Miss. Ct. App. 2005) and <u>Crawford v. State</u>, 192 So. 3d 905, 912–13 (Miss. 2015).

In <u>Jackson</u>, a myriad of issues caused a 12-year delay in the processing of an appeal of an armed robbery conviction. In analyzing the case, the Court of Appeals turned to federal caselaw. The Court explained:

> "[Federal courts] have recognized that 'extreme delay in the processing of an appeal may amount to a violation of due process.' " <u>U.S. v. Tucker</u>, 8 F.3d 673, 676 (9th Cir.1993) (quoting <u>United States v. Antoine</u>, 906 F.2d 1379, 1382 (9th Cir.)), cert. denied, 498 U.S. 963, 111 S.Ct. 398 (1990). As a result, the speedy trial factors enumerated in <u>Barker v. Wingo</u>, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) have been used to evaluate appellate delay claims. <u>U.S. v. Bermea</u>, 30 F.3d 1539, 1569 (5th Cir.1994). Factors to be considered include length of delay, the reasons for delay, the defendant's assertion of his right to appeal, and prejudice to the defendant occasioned by the delay. <u>Bermea</u>, 30 F.3d at 1569 (citing <u>Tucker</u>, 8 F.3d at 676). "The fourth inquiry is the most important: 'a due process violation cannot be established absent a showing of prejudice to the appellant.' " <u>Tucker</u>, 8 F.3d at 676 (quoting <u>Antoine</u>, 906 F.2d at 1382). "[The Courts] have in turn analyzed this issue by focusing on three types of potential prejudice from appellate delay: '(1) oppressive incarceration pending appeal, (2) anxiety and concern of the convicted party awaiting the outcome of the appeal,

and (3) impairment of the convicted person's grounds for appeal or of the viability of his defense in case of retrial.' " Id.

Jackson, 910 So. 2d at 664–65.

In addressing the reasons for the delay in Jackson, the Court noted: "A review of the record reveals nothing to suggest that the State was responsible for the delay of Jackson's appeal. The record, however, reveals that much of the delay was attributable to the repeated failures of Jackson's attorneys in securing a ruling on Jackson's post-trial motions which ruling was necessary to commence the appellate process." Id. at 665. The Court went on to note that it could not determine from the record how the Defendant would be prejudiced if the matter was tried on appeal and thus it did not find any due process violation.

Similar to Jackson, the Crawford decision makes it clear that speedy trial issues are not relevant on appeal. Crawford, 192 So. 3d at 912. Like Jackson, the Crawford Court points out that the criminal defendant bears the burden of ensuring that their matter progresses on appeal. Crawford found no due process issues despite a 21-year delay on appeal.

Accordingly, this Court is certainly within its rights to deny this request as the appeal in the present case is not even close in terms of the length of delay that were involved in those two cases. However, this case has one factor that is not present in those decisions. As such, the Court will analyze the Barker factors.

A. Length of Delay

The length of the delay in this instance is obviously the triggering event. The traffic stop at issue in this case took place in 2017. Likewise, the trial in Guntown resulting in the conviction of Arnold on three charges, as well as the appeal of this matter, all occurred in 2017. Since the appeal, based on the records in the Court file, it appears that the matter has been set on



multiple occasions, but was only briefly addressed with a hearing in April of 2018 whereby additional information was requested from the Court pertaining to the affidavits supporting the charges. At this point, more than five years has passed since that hearing with no real attempts to advance the appeal.

    B.   Reason for Delay

The next factor to be analyzed by the Court is the reason for delay. In this instance, it appears that the City of Guntown was ready to proceed with the appeal when the matter was called for hearing on April 11, 2018. However, former County Court Judge, Charlie Brett, reviewed the file and found what he believed to be a potentially fatal flaw in the appeal. Judge Brett explained that the tickets issued to the Defendant in this instance did not properly inform her of the charges against her as they listed MDR codes for each charge, rather than statutory code sections. As such, Judge Brett ordered that Amended Affidavits be filed by Guntown setting forth the code sections for ear alleged violation. This became the law of the case. According to Judge Brett, the Defendant was not properly notified of her charges and thus her due process rights are at issue.

Based on a review of the files in this matter, the Court cannot find where the Amended Affidavits were ever filed with the Court. While no time limit was set by the Court to file said amendments, the Court can only assume based on the current record that Guntown decided against filing the Amended Affidavits and thus, never reset the matter for trial – until the filing of its recent motion. At this point, Arnold did not have any burden on her to seek the corrected affidavits or to push this matter to a conclusion. As such, this factor weighs in favor of dismissal of the charges.

    C.   The Defendant's Assertion of her Right to a Speedy Trial

*182/77*

The third factor to be analyzed by the Court is whether the Defendant, Tracy Arnold, has asserted her right to a speedy trial. While the record is void of any letters, or motions filed by Arnold prior to April of 2023, it is clear that Arnold was waiting on Guntown to file its Amended Affidavits.

D. Prejudice Suffered by the Defendant

The next factor to be considered by the Court is whether the Defendant has suffered any prejudice as a result of these delay. The Jackson Court declared that this is the most important factor in this decision. However, neither party addressed this issue in any briefing with the Court. Arnold has not provided any proof that any witnesses or evidence are unavailable as a result of this delay. To that end, she has not demonstrated any prejudice in her ability to present her case. However, Arnold has presented proof that Guntown has continually sent her notices demanding that she pay her outstanding fines as a result of these charges and according to the Notice, Guntown has issued arrest warrants for Arnold based on her failure to pay.

This should not happen. While Arnold was convicted in the lower court, this matter is on appeal and has been for over five years. As such, Guntown should not be attempting to collect these fines as there is no final order in this matter and any warrants for Arnold's arrest as a result of not paying these fines should be immediately stricken, if these warrants relate to the fines at issue in this matter. While Arnold has been unable to demonstrate an unfair prejudice, she has presented sufficient evidence of "anxiety and concern of the convicted party awaiting the outcome of the appeal." In this instance, unlike Jackson and Crawford, the ball was in Guntown's proverbial court. Guntown was ordered to file new affidavits and never did so. As such, the Defendant could not move this matter along. No defendant should have to push for corrected affidavits.

Along these lines, should the City of Guntown have proof that it filed Amended Affidavits and provided copies of the Amended Affidavits to the Defendant, then the Court will certainly reconsider this matter. The Court will give the City of Guntown 10 days from the entry of this Order to provide said proof.

Until such time that proof is provided, and for the reasons stated above, all charges against Tracy Arnold, that being in the County Court of Lee County, Mississippi, matters 2017-116, 2017-117 and 2017-118 are hereby dismissed and verdict of not guilty shall be entered upon the record at the expatriation of the 10 day period, as the delay in this matter violated the Defendant's Constitutional right to Due Process. The Defendant is entitled to the return of any outstanding bond money, but no costs for the appeal shall be returned.

SO ORDERED AND DECREED this the 7th day of June, 2023.

County Court Judge Stephen P. Spencer

FILED
JUN 08 2023
CAMILLE ROBERTS DULANEY
LEE CO. CIRCUIT CLERK
D.C.

182/79

**COUNTY COURT OF LEE COUNTY**
P. O. Box 736
Tupelo, Mississippi 38802-0736

Andrew Stuart, II
P.O. Box 1266
Tupelo, MS 38802



---

**COUNTY COURT OF LEE COUNTY**
P. O. Box 736
Tupelo, Mississippi 38802-0736

Tracy N. Arnold
1400 Harris Rd
Adamsville, TN 38310

