IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TRACY MILLER ARNOLD                                                                PLAINTIFF

V.                                                    CIVIL CAUSE NO. 1:25-CV-24-GHD-DAS

CITY OF GUNTOWN, ET AL.                                                         DEFENDANTS

<u>ORDER DENYING MOTION TO
DETERMINE NEED FOR SEPARATE COUNSEL</u>

The plaintiff Tracy Miller Arnold filed a § 1983 action against the defendants City of
Guntown and Andrew Stuart. Counsel for the defendants entered a joint notice of appearance on
their behalf in this action. The plaintiff then filed an Opposed Motion to Determine Need for
Separate Counsel arguing the circumstances of this case "create conflicts between the interests of
the City and Mr. Stuart that could compromise the integrity of these proceedings." Doc. 10. She
claims "issues of indemnification, particularly regarding punitive damages which are only
available against Mr. Stuart individually, create irreconcilable conflicts in joint representation
that cannot be waived under Miss. R. Prof. Conduct 1.7(a) and (b)." The plaintiff asks the court
to review whether a conflict of interest exists as to the joint representation of the defendants and,
if so, order the defendants to retain separate counsel.

The defendants respond to the motion arguing there is no basis for the relief sought.
Citing *Surratt v. McClaran*, they maintain the "[p]laintiff has presented no reason for this Court
'to demand the extreme measure of requiring that the Defendants be represented by different
counsel based on a theoretical conflict that does not appear to exist.'" *Surratt v. McClaran*, 234
F. Supp. 3d 815, 823 (E.D. Tex. 2016), *aff'd sub nom. Surratt v. McClarin*, 851 F.3d 389 (5th
Cir. 2017). In *Surratt*, the court noted there was no conflict of interest inherent in the defendants'
position that the individual officers did nothing illegal and acted in the course and scope of their

employment. *Id*. at 822. The court further stated "[t]hat the defendants are capable of arguing an alternative position that would pit the City against its officers is not evidence of a conflict of interest." *Id*.

Here, the reasoning in *Surratt* is particularly applicable as the defendants' pending motion for judgment on the pleadings argues for dismissal based on prosecutorial immunity and qualified immunity as to Mr. Stuart and an alleged failure to establish municipal liability under § 1983 as to the City of Guntown. There is no apparent conflict at this stage in the litigation in the defendants' positions in response to the plaintiff's allegations against them. Accordingly, the court finds no basis to conclude a conflict exists which would require the defendants to retain separate counsel. The plaintiff's motion is DENIED.

SO ORDERED, this the 14th day of July, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE