IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TRACY MILLER ARNOLD                                                                                   PLAINTIFF

V.                                                              CIVIL CAUSE NO. 1:25-CV-24-GHD-DAS

CITY OF GUNTOWN, ET AL.                                                                        DEFENDANTS

ORDER DENYING MOTION TO STRIKE

The plaintiff Tracy Miller Arnold filed a § 1983 action against the defendants City of Guntown and Andrew Stuart. The defendants filed a joint Answer and Affirmative Defenses to the plaintiff's Complaint [Doc. 17], and the plaintiff moved to strike all 20 affirmative defenses. Doc. 19. The plaintiff's motion argues the defendants' affirmative defenses are insufficient, redundant, immaterial, impertinent, or scandalous matter. The defendants responded to the motion, arguing it is untimely and baseless. The defendants maintain their affirmative defenses satisfy the fair notice standard and contend the motion should be denied. The court agrees.

As a preliminary matter, court will accept the plaintiff's motion as timely. Federal Rule of Civil Procedure 12(f)(2) allows a party 21 days after being served with the pleading to file a motion to strike. While the plaintiff's motion was not docketed until May 30, 2025, more than 21 days after being served with the defendants' affirmative defenses on May 5, 2025, the postmark reflects the motion was mailed on May 22, 2025, within the time permitted.

Regardless of its timeliness, there is no basis for the relief the plaintiff seeks. In pleading affirmative defenses, a defendant is only required to give "fair notice" of its affirmative defenses. *See Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[m]erely pleading the name of the affirmative defense . . . may be sufficient"). The *Woodfield* fair notice standard only required a defendant to:

> plead an affirmative defense with enough specificity or factual particularity to give the plaintiff "fair notice" of the defense that is being advanced. We acknowledge that that in some cases, merely pleading the name of the affirmative defense ... may be sufficient.... The "fair notice" pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."

*Woodfield*, 193 F.3d at 362 (internal citations omitted). The defendants were not required to plead detailed factual assertions in their affirmative defenses, and the court finds no basis to strike them. Further the court has addressed the joint representation of the defendants in its Order Denying Motion to Determine Need for Separate Counsel. The plaintiff's motion is DENIED.

SO ORDERED, this the 14th day of July, 2025.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE