**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**TRACY MILLER ARNOLD**                                                     **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO.: 1:25-CV-24-
                                                                     GHD-DAS**

**CITY OF GUNTOWN; and ANDREW
STUART, in his individual and official capacity**              **DEFENDANTS**

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

Nothing in *pro se* Plaintiff Tracy Miller Arnold's response defeats Defendants the City of Guntown, Mississippi and Andrew Stuart's motion for judgment on the pleadings. It is dispositive that prosecutorial and qualified immunity bars Arnold's claims against Stuart and that she cannot overcome the additional hurdles of municipal liability against the City. All of Arnold's claims therefore fail and this case should be dismissed.

*Prosecutorial Immunity.* Although Arnold contends that the "challenged conduct includes administrative municipal court functions," the allegations underlying her claims against Stuart make clear that the complained of conduct relates to actions performed within the scope of Stuart's prosecutorial duties and those intimately associated with the judicial phase of the criminal process. *See Walker v. Mississippi*, 2021 WL 4618467, at *2 (5th Cir. 2021) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."); *Deleon v. Dyer*, 2008 WL 2572655, at *4 (N.D. Tex. 2008) ("Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecution"); *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018) ("If the

prosecutor continues his role as an advocate, absolute immunity extends to conduct during post-conviction proceedings."). The allegations against Stuart arise from appeal proceedings in the county court related to Arnold's traffic convictions in the municipal court. For example, Arnold alleges that Stuart appeared on behalf of and represented the City during the April 11, 2018 administrative and motion hearing in the Lee County Court and that she called Stuart related to arrest warrants purportedly issued. *See* Comp. [1] at ¶¶ 4.2.7–4.2.14; 4.5.3; 4.6.3.

Accordingly, Stuart is entitled to prosecutorial immunity from Arnold's claims. *See Dupard v. Harper*, 2014 WL 4930468, at \*10 (E.D. La. 2014) (recommending dismissal of claims that district attorneys unconstitutionally instituted a bill of information for a charge without obtaining jurisdiction to prosecute the offense alleged as barred by absolute prosecutorial immunity for); *Deleon*, 2008 WL 2572655, at \*4 (recognizing that "[s]uch immunity covers preliminary actions such as preparing and filing a motion for an arrest warrant" and finding that district attorneys were entitled to absolute immunity against claims alleging misuse of power, abuse of process, and competent jurisdiction and"); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (affirming that prosecutor was absolutely immune from § 1983 claim based on allegations that prosecutor should have prevented inmate's allegedly wrongful conviction); *Campbell v. Booth*, 2022 WL 2133885, at \*5 (S.D. Tex. 2022) (recommending that plaintiff's claim that Assistant United States Attorney "conspired a malicious prosecution" be dismissed as barred by prosecutorial immunity because allegations all related to how the AUSA litigated the criminal case against the plaintiff); *Moon*, 906 F.3d at 359–60 (holding that absolute immunity barred arrestee's § 1983 due process claim against prosecutor who had determined that DNA results were non-exculpatory based on his legal knowledge and experience, exercised his discretion by deciding not

to pursue matter, and more legal proceedings followed intermittently until arrestee's exoneration nine years after habeas petition denial).

**Qualified Immunity.** Even if prosecutorial immunity did not bar Arnold's claims, Stuart would still be entitled to qualified immunity. It was Arnold's burden to "point out clearly established law.[]" *Salazar v. Molina*, 37 F.4th 278, 284 (5th Cir. 2022). But she makes no such showing. That alone "dooms h[er] case." *Vann v. City of Southaven*, 884 F.3d 907, 910 (5th Cir. 2018) (per curiam).

Arnold does not cite any caselaw that clearly established that Stuart's conduct was unconstitutional. The specific conduct underlying all of Arnold's claims is that arrest warrants were issued without authority or jurisdiction and that she was not properly or adequately notified of the charges. The fact that traffic convictions in the municipal court are appealed to a county court does not mean that a municipal court judge has no power to issue an arrest warrant. *See Moore v. City of Grand Prairie*, 2013 WL 1174457, at *5 (N.D. Tex. 2013). In fact, under Mississippi law, municipal court judges have the authority to issue such process. *See* Miss. Code § 21-23-7(3). As to allegations that Arnold was not properly or adequately notified of the charges, the Mississippi Supreme Court has held that a "traffic ticket constitutes a sworn affidavit sufficient to charge a defendant in municipal court." *Caissie v. State*, 254 So. 3d 849, 856 (Miss. 2018). An individual issued a traffic ticket is "adequately notified of the nature and cause of the accusations against [her]" despite failure to cite applicable statutory law or local ordinances on tickets issued for operating a motor vehicle without a valid driver's license and for failing to maintain or provide proof of insurance. *Id.* Stuart is therefore also entitled to qualified immunity.

**Municipal Liability.** There are three essential elements for municipal liability to attach under § 1983. Arnold must show that "(1) an official policy (2) promulgated by the municipal

policymaker (3) was the moving force behind the violation of a constitutional right." *Verastique v. City of Dallas*, 106 F.4th 427, 432 (5th Cir. 2024) (cleaned up). For purposes of the first element, an official policy can include a practice that is "so persistent and widespread as to practically have the force of law." *Id.* (quoting *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023)). But to prove that, "plaintiff must do more than describe the incident that gave rise to [her] injury." *Johnson*, 83 F.4th at 946. The description must be "specific" and not "conclusory." *Id.* (internal quotation marks and citation omitted). "And those specific facts must be similar to the case at hand: 'Prior indications cannot simply be for any and all "bad" or unwise acts, but rather must point to the specific violation in question.'" *Id.* (quoting *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023)).

Arnold does nothing more than describe the incident that gave rise to her alleged injury. This is insufficient to establish the first element of her claim. *See Johnson*, 83 F.4th at 946; *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 850–51 (5th Cir. 2009). To the extent Arnold relies on the "rare" single-incident exception theory, nothing in her response changes that this exacting standard has not been met. *See Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010).

The bottom line is that Arnold's real issue appears to be that she thinks Stuart was negligent in the appeal proceedings and seeks to hold the City liable for the conduct of its employee. But negligence is never a basis for Section 1983 liability. *See Batiste v. Gusman*, 2013 WL 6095833, at *1 (E.D. La. 2013). And it is settled that municipalities are not vicariously responsible for the actions or inactions of their employees. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Any claims against the City and Stuart in his official capacity must be dismissed.

**CONCLUSION**

For all the foregoing reasons, Defendants' motion for judgment on the pleadings should be granted, dismissing all claims.


DATED: July 14, 2025.

Respectfully submitted,

PHELPS DUNBAR LLP

BY:  */s/ Sonya C. Dickson*
      G. Todd Butler, MB #102907
      Sonya C. Dickson, MB #106284
      1905 Community Bank Way
      Suite 200
      Flowood, Mississippi 39232
      Telephone: 601 352 2300
      Facsimile: 601 360 9777
      Email: todd.butler@phelps.com
      Email: sonya.dickson@phelps.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, Sonya C. Dickson, certify that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and e-mailed a copy to the following non-CM/ECF participant:

Tracy Miller Arnold
P.O. Box 864
Savannah, TN 38372
Tracy.knightswife@gmail.com

*Pro se Plaintiff*

SO CERTIFIED, the 14th day of July, 2025.

/s/ *Sonya C. Dickson*
Sonya C. Dickson