IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TRACY MILLER ARNOLD                                  PLAINTIFF

V.                                                NO: 1:25-CV-24-GHD-DAS

CITY OF GUNTOWN; and ANDREW
STUART, in his Official and Individual
Capacities                                        DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court is the Defendants' Motion for Judgment on the Pleadings [27]. The Plaintiff has responded in opposition. Upon due consideration of the motion and applicable authorities, the Court hereby grants the Defendants' motion and dismisses the Plaintiff's claims.

### Factual Background

The Plaintiff, who is proceeding *pro se* in this matter, was issued three traffic citations in March of 2017 by the City of Guntown for driving without a driver's license, driving with no tag, and failure to produce proof of valid insurance. [Complaint, Doc. 1, para. 4.1.1; Doc. 1-3 at p. 2]. The Plaintiff was convicted in municipal court of all three charges and fines for each charge were imposed. [1-3, at 2]. The Plaintiff appealed her convictions to the County Court for Lee County, and the charges were ultimately dismissed nearly six years later in July 2023. [1, at para. 4.2.1; 1-4]. While the case was on appeal, the Plaintiff received a series of letters from a collection agency acting on behalf of the City seeking to collect the $1,463.75 in fines the municipal court had imposed and stating that warrant(s) for her arrest had been issued by the municipal court.

This litigation followed. The Plaintiff asserts claims against Defendants City of Guntown and Andrew Stuart, the City Prosecutor for Guntown, in his individual and official capacities, alleging violations of the First, Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution

pursuant to 42 U.S.C. § 1983. [1]. The Defendants have now moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) [27].

## Standard

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is governed by the same standards as a Rule 12(b)(6) motion. *See Brown v. CitiMortgage, Inc.*, 472 Fed. App'x. 302, 303 (5th Cir. 2012) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000)). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1367, at 509–10 (1990)).

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of

2

action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Discussion

### *Claims Against the City Prosecutor of Guntown*

The Defendants argue the City Prosecutor, Defendant Andrew Stuart, is entitled to prosecutorial immunity as to all of the claims against him in his individual capacity.

Prosecutorial immunity, when applicable, is absolute immunity that "defeats a suit at the outset." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976). "Prosecutors are absolutely immune from liability for initiating prosecutions and other acts 'intimately associated with the judicial phase of the criminal process.'" *Johnson v. Kegans*, 870 F.2d 992, 996 (5th Cir. 1989) (quoting *Imbler*, 424 U.S. at 430). "The immunity applies to the prosecutor's actions 'in carrying the case through the judicial process.'" *Ramsey v. Smith*, No. 1:19cv54, 2020 WL 6038056, at *4 (S.D. Miss. Apr. 28, 2020) (quoting *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)). It shields prosecutors even when they act maliciously, wantonly or negligently." *Id.* Further, prosecutors are absolutely immune "for their conduct in 'initiating a prosecution and in presenting the State's case." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430–31; *Wooten v.*

3

*Roach*, 964 F.3d 395, 407 (5th Cir. 2020). Accordingly, a prosecutor's charging decision is protected by absolute immunity. *Wearry v. Foster*, 33 F.4th 260, 266 (5th Cir. 2022) (citing *Imbler*, 424 U.S. at 430). Moreover, evaluating and presenting already-gathered evidence before a judicial tribunal are "quasi-judicial functions" that qualify for absolute immunity. *Singleton v. Cannizzaro*, 956 F.3d 773, 780 (5th Cir. 2020).

Here, the Plaintiff's allegations against Stuart arise from appeal proceedings in the county court related to the Plaintiff's convictions for traffic offenses in municipal court. Specifically, the Plaintiff alleges that Stuart appeared on behalf of and represented the City during the April 11, 2018, administrative and motion hearing in the Lee County Court and that the Plaintiff attempted to communicate with Stuart related to arrest warrants that were purportedly issued for her arrest, but that he never responded to her inquiries. [1, at paras. 4.2.7–4.2.14; 4.5.3; 4.6.3].

The Court finds these prosecutorial actions fall squarely within the duties protected by prosecutorial immunity. See *Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) (holding prosecutorial immunity extends to those acts "preparing for the initiation of judicial proceedings or for trial"; *Walker v. Mississippi*, No. 21-600442, 2021 WL 4618467, at *2 (5th Cir. 2021) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.") (quoting *Buckley*, 509 U.S. at 273); *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018) ("If the prosecutor continues his role as an advocate, absolute immunity extends to conduct during postconviction proceedings."); *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009) (citing *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)) ("The decision to file or not file criminal charges is protected by prosecutorial immunity."); *Boyd*, 31 F.3d at 285 ("Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and

carrying the case through the judicial process."); *Deleon v. Dyer*, No. 3:07CV1912, 2008 WL 2572655, at *3 (N.D. Tex. June 24, 2008) ("Prosecutors enjoy absolute immunity to initiate and pursue criminal prosecutions").

Accordingly, the Court finds that Stuart is entitled to prosecutorial immunity from the Plaintiff's claims, and the claims against him in his individual capacity shall be dismissed.

*Municipal Liability and Claims against City of Guntown*

As for the claims against the City of Guntown, which includes the claims against Stuart in his official capacity,[1] a municipality may only be held liable under Section 1983 for violating a citizen's constitutional rights if "the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011); *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978).

Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." *Id.* Thus, there is no *respondeat superior* liability under § 1983; rather, the key to municipal liability is demonstrating that a deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *Monell*, 436 U.S. at 694. The alleged unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To establish constitutional liability under *Monell*, a plaintiff must demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive

---

[1] State officials acting their official capacity are not "persons" subject to suit under 42 U.S.C. § 1983 because "a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." *Am. Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 921 (5th Cir. 1993) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)).

5

knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-249 (5th Cir. 2003). A "policy or custom" can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of Jackson*, 335 Fed. App'x 446, 448-449 (5th Cir. 2009).

Here, the Court finds the Plaintiff has failed to adequately allege either a policy or a pattern that sufficiently supports her claims that an unlawful custom or practice exists in the City of Guntown with respect to the Plaintiff's alleged injuries. First, she has not identified any policy or custom with which a policymaker can be charged with actual or constructive knowledge, nor that any such policy or custom was the "moving force" behind her alleged injuries. Here, the Plaintiff does nothing more than describe the judicial process that gave rise to her alleged injury. This is insufficient to establish the first element of her claim. See *Johnson v. Harris County*, 83 F.4th 941, 946-47 (5th Cir. 2023); *Peterson v. City of Fort Worth, Texas*, 588 F.3d 838, 851 (5th Cir. 2009) (holding that "[a] pattern requires similarity and specificity; prior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question."). The Plaintiff simply has not pointed to any unconstitutional "policy statement, ordinance, regulation or decision that is officially adopted" by the City such that the potential imposition of municipal liability is appropriate. *Brown v. Bryan Cty.*, 219 F.3d 450, 457 (5th Cir. 2000).

To the extent the Plaintiff asserts that Defendant Stuart was a final policymaker for the City and the single-incident exception theory thus may apply for purposes of municipal liability, the

Court finds she has not pled sufficient allegations to meet the difficult standard required to invoke this exception. *Webb v. Town of St. Joseph*, 925 F.3d 209, 215 (5th Cir. 2019); *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). Specifically, to prevail under this exception, the Plaintiff must show (1) that Stuart is an official policymaker and (2) that he committed the specific act resulting in the alleged violation. *Id.* This is an exacting standard that the Plaintiff has not met. Primarily, she cannot show that Stuart was a policymaker because under Mississippi state law, a City Prosecutor clearly does not hold such a position. See, e.g., *Hinojosa v. Tarrant Cnty.*, No. 3:07CV1912, 2009 WL 1309218, at *8 (N.D. Tex. May 5, 2009) ("an official may be a policymaker . . . only when so authorized by state statute[.]").

Under Mississippi law, Boards of Aldermen are the "governing authority" for a municipality and thus the Board is the policymaker for the City. See, e.g., *Sockwell v. Calhoun City, Miss.*, No. 3:19CV4-GHD-RP, 2019 WL 3558173, at *2 (N.D. Miss. Aug. 5, 2019). In contrast, a city prosecutor is an appointed position that is employed at the will and pleasure of the Board, thus negating the Plaintiff's argument that Stuart acted as the city policymaker. Miss. Code §§ 21-23-3; 21-3-5. Essentially, the Plaintiff is arguing for respondeat superior liability, which does not apply to impose liability upon a municipality.[2] *Monell*, 436 U.S. at 694. Accordingly, the Court finds that the single incident exception for municipal liability does not apply in this case. *Valle*, 613 F.3d at 542.

The Plaintiff's claims against the City of Guntown, and against the City Prosecutor in his official capacity, shall therefore be dismissed.

---

[2] In essence, the Plaintiff asserts in her complaint that Stuart was negligent during the appeal proceedings, and she seeks to hold the City liable for Stuart's allegedly negligent conduct. It is axiomatic, however, that negligence is not a basis for municipal Section 1983 liability. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Batiste v. Gusman*, No. 13-96, 2013 WL 6095833, at *1 (E.D. La. 2013). And, as noted above, it is well-settled that municipalities are not vicariously responsible for the actions or inactions of their employees. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

7

*The Plaintiff's Objection to the Magistrate Judge's Order*

Finally, the Plaintiff has filed an Objection to an Order entered by the Magistrate Judge that denied the Plaintiff's motion to strike the Defendants' affirmative defenses. Upon due consideration and for the following reasons, the Plaintiff's objections are overruled and the Magistrate Judge's Order is affirmed.

"A party may serve and file objections to a [Magistrate Judge's] order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or is contrary to law.'" *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) (quoting Fed. R. Civ. P. 72(a)). *See* 28 U.S.C. § 636(b)(1)(A) (magistrate judge's nondispositive orders may be reconsidered "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); L.U. Civ. R. 72(a)(1)(B) ("[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law"). "Under Rule 72(a), 'the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact.'" *Moore*, 755 F.3d at 808 n.15 (quoting *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The "clearly erroneous" standard requires that the Court affirm the decision of the magistrate judge unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* Fed. R. Civ. P. 72(a).

The Plaintiff's objection is to the Magistrate Judge's ruling that denied the Plaintiff's motion to strike the Defendants' affirmative defenses from their Answer. The Court finds the

8

Plaintiff's Objections to the subject Order are meritless. As the Magistrate Judge aptly stated, "there is no basis for the relief the plaintiff seeks. In pleading affirmative defenses, a defendant is only required to give "fair notice" of its affirmative defenses." The Court finds, as did the Magistrate Judge, that Defendants here complied with all requirements and adequately stated their Affirmative Defenses in their Answer. Accordingly, the Court finds no error on the part of the Magistrate Judge in the subject Order. *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008); *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[m]erely pleading the name of the affirmative defense . . . may be sufficient"). The Defendants were not required to plead detailed factual assertions in their affirmative defenses, they complied with the relevant pleading standards, and the court thus finds no basis to strike the Defendants' affirmative defenses.

The Court therefore finds the Magistrate's ruling is not clearly erroneous or contrary to law, and the Magistrate Judge's Order Denying Motion to Strike Affirmative Defenses is therefore affirmed. See, e.g., *BNY Mellon, N.A. v. Affordable Holdings, Inc.*, No. 1:09-CV-00226-SA-JAD, 2010 WL 3717600, at *1–2 (N.D. Miss. Sept. 14, 2010).

**Conclusion**

For the reasons stated above, the Court finds the Defendants' Motion for Judgment on the Pleadings [27] will be granted and the Plaintiff's claims dismissed. In addition, the Plaintiff's Motion for Partial Summary Judgment [21] and the Plaintiff's Objections [40] to the Magistrate Judge's Order Denying the Plaintiff's Motion to Strike Affirmative Defenses [37] will be denied.

An order in accordance with this opinion shall issue this day.

This, the ___ day of February, 2026.

_____
SENIOR U.S. DISTRICT JUDGE